# Exhibit A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>Genesee COUNTY | SUMMONS<br>ELIZABETH A. KELLY<br>P-71790 | CASE NUMBER<br>26-0482502 |
|---|---|---|

Court address
900 Saginaw St #100, Flint, MI 48502

Court telephone number
(810) 424-4355

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Sherrod D. Pigee<br>P.O. Box 991<br>Grand Blanc, MI 48480<br>(810) 391-6977 | v | Misty Moen<br>12632 Pagels Drive<br>Grand Blanc, MI 48439 |
| Plaintiff's attorney bar number, address, and telephone number<br>Pro Se | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ ______________________ Court, where it was given case number ______________ and assigned to Judge ______________________.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 8/18/26 | 11/18/26 | Deja Scott |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

Summons (3/23) Case Number ____________________

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |

____________________
Signature

____________________
Name (type or print)

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

____________________ on ____________________ .
Attachments (if any) Date and time

____________________ on behalf of ____________________
Signature

____________________
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE
SEVENTH JUDICIAL CIRCUIT

SHERROD D. PIGEE,

Plaintiff,

v.

MISTY MOEN, individually,

Defendant.

_______________________________/

26-628502
ELIZABETH A. KELLY
P-71790

A TRUE COPY
Genesee County Clerk

**COMPLAINT AND JURY DEMAND**

Plaintiff Sherrod D. Pigee, appearing in propria persona unless and until counsel appears, alleges as follows:

**NATURE OF THE ACTION**

1. This action arises from allegedly false and damaging oral, written, electronic, and printed communications concerning Plaintiff following a free June 10, 2026, educational presentation at the Grand Blanc Senior Center titled "Senior AI Safety."

2. Plaintiff alleges that no products or services were sold, no attendee was charged, and no attendee was pressured to purchase anything. The presentation was recorded and, according to Plaintiff, confirms the educational character and voluntary nature of the program.

3. After the presentation, Defendant allegedly characterized Plaintiff and/or his presenters to several others as "pushy salesmen," "too aggressive," and as attempting to sell products or services to seniors that were not needed.

4. Plaintiff further alleges that Defendant thereafter authored, approved, caused, forwarded, or participated in circulating a communication containing Plaintiff's photograph to senior-serving facilities, including the Mundy Township Senior & Enrichment Center, with instructions that Plaintiff be asked to

leave, without proper justification, and that police be called if he did not leave.

5. Plaintiff alleges that he had never threatened, harmed, harassed, disrupted, trespassed at, or created a police-related incident at the Mundy Township facility or any other identified recipient facility.

6. Two eyewitnesses have informed Plaintiff that they personally saw the printed communication. Plaintiff further alleges that, as of July 20, 2026, the printed email and photograph remained posted or displayed at the Mundy Township facility and at least one additional location.

7. Plaintiff alleges that centers that had previously expressed interest in his senior-education programming stopped returning calls after the circulation, causing reputational injury, emotional distress, lost relationships, and lost past and prospective profits.

8. Plaintiff seeks damages exceeding $25,000, equitable relief, and all other relief permitted by law.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Sherrod D. Pigee is an adult resident of Genesee County, Michigan, and has resided in the Grand Blanc community for more than thirty years.

10. Plaintiff is a business owner, nonprofit advocate, educator, and organizer of senior-focused technology and artificial-intelligence education programs.

11. Defendant Misty Moen is an adult believed to reside in Michigan at 12632 Pagels Drive in the City of Grand Blanc and, at all relevant times, served as Senior Services Coordinator or in a substantially similar public position associated with the Grand Blanc Senior Center and Grand Blanc Township.

12. Defendant is sued in her individual capacity. Plaintiff does not presently concede whether each act was personal, official, outside the scope of employment, or accomplished using public authority or resources; those matters require discovery.

13. This Court has subject-matter jurisdiction under Const 1963, art 6, § 13 and MCL 600.605 because this action seeks damages exceeding $25,000 and equitable relief not exclusively assigned to another court.

14. Venue is proper in Genesee County under MCL 600.1621 and related provisions because the alleged conduct, publications, injury, witnesses, recipients, and affected relationships occurred substantially within Genesee County.

15. If Counts XI or XII are included, this Court has concurrent jurisdiction over claims arising under 42 USC 1981 and 42 USC 1983, subject to Defendant's federal removal rights under 28 USC 1441 and 1446.

16. Plaintiff demands trial by jury on all issues so triable.

## STATEMENT OF FACTS

17. Plaintiff has spent years building goodwill, public trust, professional relationships, nonprofit initiatives, educational programs, and a reputation for community service throughout Genesee County.

18. Plaintiff's work depends upon credibility, referrals, invitations, speaking opportunities, public-facility access, and relationships with senior centers, libraries, community organizations, sponsors, and potential partners.

19. On June 10, 2026, Plaintiff and affiliated presenters conducted a free educational program at the Grand Blanc Senior Center entitled "Senior AI Safety."

20. Approximately twenty-five people attended, and multiple presenters participated.

21. No admission fee was charged; no products or services were sold; no attendee signed a sales contract; no payment information was requested; and no attendee was pressured to purchase anything.

22. The program was recorded in whole or substantial part. Plaintiff alleges the recording shows a legitimate educational presentation and contradicts any accusation that the program was a predatory or improper sales event.

23. Attendees participated, asked questions, and expressed appreciation for the information presented.

24. Within days after the event, Defendant informed Plaintiff that the relationship with the center was being discontinued based on alleged complaints that Plaintiff or presenters were "pushy salesmen," "too aggressive," or attempting to sell products or services to seniors that were not needed.

25. Plaintiff denied those accusations and requested substantiation, including the identity, content, date, and documentation of any complaints.

26. Plaintiff has not received all complaint records, notes, communications, or identities necessary to determine whether actual complaints existed, whether they were accurately reported, or whether they were used as a pretext.

27. After the June 10 event, a memo, email, notice, or similar communication containing Plaintiff's photograph was circulated to at least the Mundy Township Senior & Enrichment Center.

28. Two eyewitnesses personally observed the communication at Mundy Township and have informed Plaintiff of what they saw.

29. The eyewitnesses report that the communication used Plaintiff's photograph to identify him and instructed staff, in substance, that if Plaintiff came to the facility he should be asked to leave, and that if he did not leave, police should be called.

30. The witnesses did not photograph or remove the communication because they feared retaliation, adverse employment consequences, or loss of employment.

31. The witnesses have indicated that they will testify truthfully under oath if subpoenaed, deposed, or called at trial.

32. Plaintiff had never engaged in violence, threats, harassment, disorderly conduct, trespassing, refusal to leave, or any police-related incident at Mundy Township.

33. Plaintiff had not committed misconduct that reasonably justified portraying him as a person whose presence warranted removal or police intervention.

34. As of July 20, 2026, Plaintiff has been informed and believes that the printed email and photograph remained posted, displayed, or maintained at the Mundy Township facility and at least one additional library or senior-serving location.

35. The continuing display enabled additional employees, volunteers, seniors, visitors, and third parties to view the warning and Plaintiff's photograph.

36. The specific original email, native metadata, full sender and recipient information, attachments, forwarding history, and complete distribution list are not presently in Plaintiff's possession and are uniquely obtainable through discovery and subpoenas.

37. Upon information and belief, Defendant authored, approved, requested, forwarded, transmitted, caused, encouraged, or materially participated in the creation and publication of the communication.

38. Plaintiff does not yet know whether Defendant used a personal account, Township account, workplace device, private device, printed memorandum, verbal communication, or a combination of personal and public resources.

39. Plaintiff brings this action against Defendant individually because the presently known information indicates her personal participation; Plaintiff reserves the right to seek leave to amend if discovery identifies other responsible persons or entities.

40. Before the circulation, other senior centers or senior-serving organizations had expressed interest in Plaintiff's educational programs and prospective presentations.

41. After the circulation, centers and organizations that had previously expressed interest stopped returning Plaintiff's telephone calls, failed to follow up, or otherwise ceased engagement.

42. Plaintiff alleges that the timing and pattern support a reasonable inference, subject to discovery, that the circulation caused or materially contributed to the loss of existing relationships and reasonable business expectancies.

43. Plaintiff intends to subpoena and depose relevant personnel and custodians at Genesee County senior centers, libraries, and public agencies to determine who received, printed, posted, displayed, forwarded, discussed, or acted upon the communication.

44. Plaintiff does not seek to portray senior centers as adversaries merely because they received a communication or later declined an opportunity; Plaintiff seeks their records and testimony as witnesses and custodians of evidence.

45. Plaintiff sent a cease-and-desist and preservation demand concerning the communication.

46. Counsel responded that Plaintiff's assertion was "unequivocally inaccurate" and stated that "going forward no such information regarding you will be disseminated."

47. The phrase "going forward" addresses future conduct and does not expressly state that no communication had previously been created, transmitted, published, printed, displayed, or circulated.

48. Counsel's response did not expressly state that Defendant never shared Plaintiff's photograph, did not identify prior recipients, did not state that all copies had been recalled or removed, and did not explain whether the reported printed notices remained displayed.

49. Plaintiff does not allege that counsel personally knew that a copy remained posted. Plaintiff alleges that the reported continuing display demonstrates the need for court-supervised discovery and immediate preservation of evidence.

50. Plaintiff is African American. Plaintiff is concerned that race influenced the severity, character, or disparity of Defendant's treatment, including portraying a free educational program as improper selling and circulating a police-related warning without a documented incident.

51. Upon information and belief, similarly situated non-Black presenters, vendors, contractors, or community partners were afforded access, communication, investigation, corrective opportunities, or less severe treatment not afforded to Plaintiff.

52. Plaintiff does not presently possess complete vendor, presenter, complaint, or programming records. He seeks comparative discovery concerning race, vendor selection, invitations, complaints, discipline, exclusions, and corrective opportunities.

53. Defendant knew or should have known that communications issued by a senior-services coordinator would carry institutional credibility and would be relied upon by recipients.

54. Defendant knew or should have known that pairing Plaintiff's photograph with a police-related warning would cause recipients to fear, distrust, avoid, exclude, or report him.

55. Defendant allegedly acted without reviewing the complete event recording, without providing Plaintiff the alleged complaints, and without giving Plaintiff a meaningful opportunity to respond to specific documented allegations.

56. Defendant acted intentionally, maliciously, in bad faith, or with reckless disregard for truth; alternatively, she acted negligently by publishing serious accusations without reasonable verification.

57. The publication falsely implied that Plaintiff was dangerous, disruptive, predatory, unlawful, trespassing, or otherwise a person warranting police intervention.

58. The publication was reasonably understood as referring specifically to Plaintiff because it included his photograph and identifying information.

59. The publication injured Plaintiff personally and professionally and impaired his ability to approach senior centers, libraries, sponsors, partners, and public facilities without fear that a warning had preceded him.

60. Plaintiff has suffered humiliation, embarrassment, anxiety, worry, anger, frustration, loss of sleep, mental anguish, emotional distress, and fear of being confronted by police in public facilities

despite no prior misconduct.

61. Plaintiff has lost time and resources investigating the circulation, contacting potential partners, seeking legal assistance, communicating with witnesses, and attempting to protect and repair his reputation.

62. Plaintiff has suffered or reasonably expects economic loss, including lost presentations, speaking opportunities, educational engagements, sponsorships, referrals, partnerships, contracts, donations, grants, consulting opportunities, and related past and future profits.

63. The exact recipients, publication history, causation, and amount of economic loss are not yet fully known and will be established through records, testimony, expert analysis, and discovery.

64. Plaintiff seeks preservation of all emails, drafts, attachments, metadata, photographs, printed notices, distribution lists, texts, social-media messages, notes, memoranda, complaint records, visitor warnings, surveillance materials, and electronically stored information concerning Plaintiff or the June 10 event.

65. Plaintiff brings this action within the applicable limitations periods, including the one-year period for libel and slander under MCL 600.5805(11).

## COMMON LEGAL ALLEGATIONS

66. Michigan recognizes libel and slander claims under common law and MCL 600.2911. A private plaintiff generally must establish a false and defamatory statement concerning the plaintiff, publication to a third party, fault at least amounting to negligence, and actionability or resulting special harm.

67. A communication may be defamatory through its words, photograph, caption, context, implication, omission, or overall message. A police-related warning paired with Plaintiff's photograph is capable of conveying a provably false factual implication.

68. Michigan recognizes false-light invasion of privacy where a defendant gives publicity to information placing a person before the public in a false and highly objectionable light, with knowledge

or reckless disregard of falsity.

69. Michigan recognizes tortious interference with a business relationship or expectancy where a valid relationship or reasonable expectancy exists, the defendant knows of it, intentionally and improperly interferes, disruption results, and damages follow.

70. Michigan recognizes intentional infliction of emotional distress where extreme and outrageous conduct is intentional or reckless and causes severe emotional distress.

71. MCL 37.2302 prohibits denying full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of race.

72. To the extent Defendant invokes governmental immunity, Plaintiff pleads intentional torts committed without good faith and with malice, improper purpose, or reckless disregard, and pleads in avoidance of immunity under Odom v Wayne County, 482 Mich 459 (2008).

73. If federal civil-rights counts are included, Plaintiff alleges purposeful race discrimination affecting access to public services and contractual opportunities under 42 USC 1981 and the Equal Protection Clause, enforceable against a state actor through 42 USC 1983.

## COUNT I - LIBEL / WRITTEN DEFAMATION

(Michigan Common Law and MCL 600.2911)

74. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

75. Defendant authored, approved, caused, forwarded, republished, or materially participated in one or more written, electronic, and printed communications concerning Plaintiff.

76. The communications included Plaintiff's photograph and statements or implications portraying him as dangerous, predatory, improperly selling to seniors, disruptive, trespassing, unwelcome, or a person whose presence justified removal or police involvement.

77. The communications concerned and identified Plaintiff and were published to third parties, including personnel at Mundy Township and other senior-serving locations.

78. The statements and implications were materially false because Plaintiff did not engage in conduct warranting exclusion or police intervention.

79. Defendant acted at least negligently and, upon information and belief, knowingly, recklessly, maliciously, or in bad faith.

80. Any qualified privilege was lost or abused through falsity, improper purpose, excessive publication, lack of reasonable investigation, malice, or dissemination beyond persons with a legitimate need to know.

81. Plaintiff suffered reputational, emotional, professional, and economic damages.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

**COUNT II - SLANDER / ORAL DEFAMATION**

(Michigan Common Law and MCL 600.2911)

82. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

83. Defendant orally communicated false statements concerning Plaintiff to one or more third parties.

84. The oral statements included accusations that Plaintiff or presenters were "pushy salesmen," "too aggressive," improperly selling to seniors, unsafe, unwelcome, or grounds for removal or police contact.

85. The statements asserted facts or carried provably false factual implications and prejudiced Plaintiff in his business, nonprofit work, profession, and community activities.

86. Defendant acted at least negligently and, upon information and belief, knowingly or recklessly.

87. Plaintiff suffered actual reputational, emotional, and economic harm.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT III - DEFAMATION BY IMPLICATION / BUSINESS DEFAMATION

(Michigan Common Law)

88. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

89. By pairing Plaintiff's photograph with instructions to remove him and call police, Defendant created the materially false implication that Plaintiff had committed misconduct or posed a safety or legal risk.

90. The implication was factual, provably false, and directly prejudicial to Plaintiff's work as a business owner, nonprofit advocate, educator, and presenter.

91. Defendant intended or reasonably foresaw that recipients would rely on the implication when deciding whether to communicate, invite, contract, partner, or permit Plaintiff access.

92. Plaintiff suffered actual damages, including lost relationships and opportunities.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT IV - FALSE-LIGHT INVASION OF PRIVACY

(Michigan Common Law)

93. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

94. Defendant gave publicity, or caused publicity to be given, to Plaintiff's photograph and information concerning him.

95. The distribution reached or was intended to reach a broad senior-services network or sufficiently large audience, including continued physical display at public-serving locations.

96. The communication placed Plaintiff in a false and highly objectionable light as dangerous, predatory, unlawful, disruptive, or subject to police intervention.

97. Defendant knew or acted in reckless disregard of the falsity of the matter and the false light created.

98. Plaintiff suffered humiliation, emotional distress, reputational injury, and economic loss.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

**COUNT V - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS AND EXPECTANCIES**

(Michigan Common Law)

99. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

100. Plaintiff had existing relationships and reasonable business expectancies with senior centers, libraries, sponsors, partners, and prospective hosts.

101. Defendant knew or reasonably should have known that Plaintiff's work depended on these relationships and expectancies.

102. Defendant intentionally and improperly interfered by circulating false warnings and accusations calculated or foreseeably likely to cause recipients to avoid, exclude, or stop communicating with Plaintiff.

103. Existing discussions and reasonable expectancies were disrupted, and organizations that had expressed interest ceased responding.

104. Plaintiff suffered lost opportunities, lost goodwill, and past and prospective economic damages.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Michigan Common Law)

105. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

106. Circulating and continuing to display Plaintiff's photograph with a police-related warning, despite no incident warranting such treatment, was extreme and outrageous under the circumstances.

107. Defendant intended to cause emotional distress or acted recklessly in disregard of the near certainty that such conduct would cause serious distress.

108. The conduct caused Plaintiff humiliation, anxiety, fear of police confrontation, loss of sleep, mental anguish, and severe emotional distress.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT VII - ELLIOTT-LARSEN CIVIL RIGHTS ACT

(MCL 37.2302 and MCL 37.2801)

109. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

110. The relevant senior center and related public facilities constitute places of public accommodation or public service within the meaning of the Elliott-Larsen Civil Rights Act.

111. Plaintiff is African American and was entitled to the full and equal enjoyment of public services, facilities, privileges, and advantages without race discrimination.

112. Upon information and belief, Defendant subjected Plaintiff to unequal, more severe, and stigmatizing treatment compared with similarly situated non-Black presenters, vendors, or community partners.

113. Race was a motivating factor in the denial, limitation, or burdening of Plaintiff's access, opportunities, and public-service relationships.

114. Plaintiff seeks damages, injunctive relief, costs, and any attorney fees authorized by the Act.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

**COUNT VIII - GROSS NEGLIGENCE / NEGLIGENCE IN THE ALTERNATIVE**

(Michigan Common Law and MCL 691.1407(2))

115. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

116. If the Court determines that any conduct was negligent rather than intentional, Defendant owed a duty to use reasonable care before circulating serious accusations and police-related warnings about an identifiable person.

117. Defendant breached that duty by failing to verify the accusations, review available evidence, provide a meaningful opportunity to respond, limit publication, or recall and correct the warning.

118. Defendant's conduct demonstrated a substantial lack of concern for whether injury would result and was the proximate cause of Plaintiff's damages.

119. This count is pleaded in the alternative and is not intended to duplicate recovery for defamation.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT IX - DECLARATORY RELIEF

(MCR 2.605)

120. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

121. An actual controversy exists concerning the truth or falsity of the communications, Defendant's role, the scope of publication, and Plaintiff's right to be free from continued display or dissemination of false warnings.

122. Plaintiff seeks a declaration that the challenged statements and implications were false and unlawful to the extent established by the evidence.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT X - INJUNCTIVE RELIEF

(Michigan Equity Jurisdiction)

123. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

124. Plaintiff has no adequate remedy at law for continuing publication, display, forwarding, or retention of false warnings in public-facing locations.

125. Plaintiff seeks narrowly tailored preliminary and permanent relief requiring cessation of further false publication, preservation of evidence, identification of recipients, and corrective notice or removal where legally authorized.

126. Plaintiff does not seek a prior restraint against truthful speech or protected opinion.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT XI - RACE DISCRIMINATION IN CONTRACTUAL OPPORTUNITIES

(42 USC 1981, Enforced Through 42 USC 1983)

127. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

128. Plaintiff had existing and prospective contractual and commercial relationships involving presentations, educational programs, partnerships, and related opportunities.

129. Defendant acted under color of state law and intentionally impaired Plaintiff's ability to make and enforce contracts on equal terms because of race.

130. Defendant's unequal and stigmatizing treatment, including the police-related warning, caused or materially contributed to loss of contractual opportunities.

131. Plaintiff seeks compensatory damages and equitable relief. This count should be included only if Plaintiff elects to plead a federal claim after legal review.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## COUNT XII - EQUAL PROTECTION / RACE-BASED DISPARATE TREATMENT

(42 USC 1983 and US Const, Amend XIV)

132. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

133. Defendant acted under color of state law by using or invoking public authority, position, access, contacts, or resources.

134. Defendant intentionally treated Plaintiff differently from similarly situated non-Black presenters, vendors, contractors, or community partners because of race, without a legitimate governmental basis.

135. The unequal treatment included stigmatizing Plaintiff as a police concern and interfering with access and opportunities across public-serving facilities.

136. Defendant's conduct caused reputational, emotional, and economic injury. This count should be included only if Plaintiff elects to plead a federal claim after legal review.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendant for all damages and relief authorized by law, together with interest, taxable costs, equitable relief, and any further relief the Court deems just and proper.

## PRAYER FOR RELIEF

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages exceeding $25,000 for injury to reputation, emotional distress, mental anguish, humiliation, lost goodwill, lost relationships, lost opportunities, and proven past and future economic losses;

C. Award exemplary damages to the extent permitted under MCL 600.2911 and Michigan law;

D. Award statutory, declaratory, and equitable relief under the Elliott-Larsen Civil Rights Act where proven;

E. If federal counts are included and proven, award relief authorized by 42 USC 1981, 1983, and 1988;

F. Order preservation of all relevant evidence and electronically stored information;

G. Order narrowly tailored removal, correction, retraction, or recipient notice concerning false communications where authorized by law;

H. Award pre- and post-judgment interest, taxable costs, and attorney fees only where authorized by statute or rule;

I. Grant trial by jury; and

J. Grant such other legal and equitable relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

SHERROD D. PIGEE
Plaintiff, *In Pro Per*
P.O. Box 991
Grand Blanc, MI 48480
(810) 391-6977
sdpigee@gmail.com

Dated: August 17, 2026